Battle, J.
 

 The only question presented on the record, which we deem it necessary te consider, is whether the petition for the writ of
 
 certiorari
 
 set forth sufficient matter to entitle the defendant to the benefit of that remedy. A writ of
 
 certiorari
 
 has been allowed in certain cases as a substitute for an appeal, but it is not, like an appeal, a matter of right of which a party may avail himself for the mere purpose of delay. It has also been allowed where a judgment has been taken in the County Court by default, and upon it the judgment has been set aside and the defendant allowed to plead, but that can never be done, unless the party shew two things, first, an excuse for the
 
 laches
 
 in not pleading, and secondly, a good defence existing at the time when he ought to have pleaded.
 
 Betts
 
 v.
 
 Franklin,
 
 4. Dev. & Bat. Rep. 465. In the case before us, we need not enquire, whether the defendant has shown a sufficient excuse for his
 
 laches,
 
 in not pleading, because we are clearly of opinion that he fias failed to show that he had a good defence at the time when he ought to have pleaded. The general allegation, that knowing it was not just, and thinking that it was not legal that he should pay the debt for which he was sued, he had employed an attorney to defend the suit, and that the cause “ had not gone off on its merits,” j is certainly insufficient for that purpose. The defence, whatever it is, must be so set forth in the petition, that the Judge sitting at chambers, or the court, to whom the application for tlie writ is made, may see that it
 
 is prima facie
 
 a
 
 good one,
 
 for if it appear
 
 to be otherwise
 
 the application ought to be refused.
 
 Dougan
 
 v.
 
 Arnold,
 
 4. Dev. Rep 39. The defendant in this case having failed to show in this petition what his defence was, the Judge . ought not to have granted the writ of
 
 certiorari,
 
 in the first instance, but having done so the Court to which the ,
 
 *453
 
 transcript of the record was returned, ought to have dismissed it, instead of making the order complained of.
 

 That order must therefore be reversd and the same be certified to the Superior Court in order that the plaintiffs may have their proper remedy against the defendant and the sureties to his
 
 certiorari
 
 bond.
 

 Per Curiam. Ordered accordingly.